UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

---

STATE FARM LIFE AND ACCIDENT
ASSURANCE COMPANY,

    Plaintiff,

vs.

BETHANY J. BEIERSDORF a/k/a
BETHANY J. HOBIN, and
ZACHARY BEIERSDORF,

    Defendants.

CASE NO.

---

## COMPLAINT FOR INTERPLEADER

Plaintiff, State Farm Life and Accident Assurance Company, through its undersigned counsel, for its Complaint for Interpleader avers as follows:

### PARTIES

1. Plaintiff, State Farm Life and Accident Assurance Company ("State Farm"), is an insurance company organized and existing under the laws of Illinois with its principal place of business in Bloomington, Illinois. State Farm is duly authorized to conduct business in New York.

2. Defendant Bethany J. Beiersdorf a/k/a Bethany J. Hobin ("Bethany") is an adult citizen of New York domiciled in Wyoming County, New York.

3. Defendant Zachary Beiersdorf ("Zachary") is an adult citizen of Pennsylvania and domiciled in Bradford County, Pennsylvania.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. State Farm is an Illinois citizen for diversity purposes and the Defendants are citizens of New York and Pennsylvania.

5. This Court also has jurisdiction under 28 U.S.C. § 1335 in that the Defendants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523 (1967). Defendants are citizens of New York and Pennsylvania.

6. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

7. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

8. State Farm issued life insurance policy number AS-0159-3690 (the "Policy") to Thomas J. Beiersdorf, Jr. (the "Insured") with a contract date of May 16, 2014 and which provided life insurance coverage on the Insured. *A copy of the Policy is attached hereto as **Exhibit A**.*

9. On the Application for the Policy dated May 16, 2014, the Insured designated his then-fiancée, Bethany, as sole Primary beneficiary and his "relative," Zachary, as sole Successor beneficiary of the Policy's death benefits. *See Exhibit A, at pages 15-23, Application for Individual Life Insurance*.

10. Upon information and belief, the Insured and Bethany were married on or about July 8, 2016 and subsequently divorced on or about June 30, 2021.

11. Upon information and belief, the Insured died on August 24, 2021. *A copy of the Insured's Certificate of Death is attached hereto as **Exhibit B**.*

12. As a result of the death of the Insured, Policy death benefits in the amount of $999,992.54 ("Death Benefit") became due to a beneficiary or beneficiaries and State Farm concedes liability to that effect.

13. By Life Insurance Claim Form dated September 1, 2021, Bethany asserted a claim to the Death Benefit. *A copy of the Life Insurance Claim Form dated September 1, 2021 is attached hereto as **Exhibit C**.*

14. As a result of the 2010 dissolution of the marriage between Michelle and the Insured, Michelle's status as Policy beneficiary may be legally revoked pursuant to NY CLS EPTL Sec. 5-1.4 (the "New York Revocation Statue"), which provides in relevant part:

> (a) Except as provided by the express terms of a governing instrument, a divorce (including a judicial separation as defined in subparagraph (f)(2)) or annulment of a marriage revokes any revocable (1) disposition or appointment of property made by a divorced individual to, or for the benefit of, the former spouse, including, but not limited to, a disposition or appointment by will, by security registration in beneficiary form (TOD), by beneficiary designation in a life insurance policy or (to the extent permitted by law) in a pension or retirement benefits plan, or by revocable trust, including a bank account in trust form …

*NY CLS EPTL Sec. 5-1.4(a)*.

15. If Michelle's status as Policy beneficiary is revoked pursuant to the New York Revocation Statute, the Death Benefit would be payable to Zachary, as the Policy's sole Successor beneficiary. *See Exhibits A and B; See NY CLS EPTL Sec. 5-1.4(b)(1) ("Provisions of a governing instrument are given effect as if the former spouse had predeceased the divorced individual as of the time of the revocation")*.

3

16. By Life Insurance Claim Form dated March 12, 2022, Zachary asserted a claim to the Death Benefit. *A copy of the Life Insurance Claim Form dated March 12, 2022 is attached hereto as **Exhibit D***.

17. Upon information and belief, Bethany and the Insured entered into a Separation and Property Settlement Agreement dated May 21, 2021 (the "Separation Agreement"), that was incorporated into the final Judgment of their divorce. *A copy of the Separation Agreement, as provided by Bethany, is attached hereto as **Exhibit E***.

18. In communications with the company, Bethany also asserted a claim to the Death Benefit based on the terms of the Separation Agreement and alleging that the funds are needed to care for the three minor children of her marriage with the Insured.

19. The Separation Agreement provides, in relevant part:

> In the event the Husband predeceases the Wife, any amounts due the Wife pursuant to this Agreement which remain unpaid by the Husband shall be deemed to be a creditor's claim against the Husband's estate, first applying any life insurance policy in effect at the time of death and the remaining portions being satisfied by property held in the Estate …

*Exhibit F, at ARTICLE FOURTEEN – DEATH OF PARTIES.*

20. There have been no other claims to the Death Benefit.

21. Under the circumstances, State Farm cannot determine factually or legally who is entitled to the Death Benefit. By reason of the actual or potential claims of the interpleading defendants, State Farm is or may be exposed to multiple liability.

22. State Farm has no means other than this Interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and/or possible multiple litigation on the part of the Defendants as to the Death Benefit.

23. State Farm is ready, willing and able to pay the Death Benefit, plus applicable interest, if any, in accordance with the terms of the Policy to whomever this Court shall designate.

24. As a mere stakeholder, State Farm has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit and respectfully requests that this Court determine to whom the Death Benefit should be paid.

25. Accordingly, State Farm will distribute to the Clerk of Court for deposit into the Registry of the Court the Death Benefit, plus applicable interest, if any, for disbursement in accordance with the judgment of this Court.

26. State Farm has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between State Farm and any of the Defendants. State Farm brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, State Farm prays that the Court enter judgment:

(a) requiring the Defendants to answer this Complaint for Relief in Interpleader and litigate their claims among themselves for the Death Benefit;

(b) requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(c) permitting State Farm to deposit the amount of the Death Benefit, plus applicable interest, if any, into the Registry of the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(d) discharging State Farm from any and all further liability to the Defendants relating in any way to the Policy and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(e) dismissing with prejudice State Farm from this action following deposit of the Death Benefit with the Registry of the Court or as otherwise directed by this Court;

(f) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Policy and/or the Death Benefit;

(g)   awarding State Farm its attorneys' fees and costs in their entirety; an

(h)   awarding State Farm any other and further relief that this Court deems just and proper.

Dated: August 11, 2022                Respectfully Submitted,

**D'ARCAMBAL OUSLEY & CUYLER BURK LLP**

By: /s/ Aimee L. Creed
    Aimee L. Creed, Esq.
    40 Fulton Street, Suite 1501
    New York, New York 10038
    (212) 971-3175, ext. 104
    acreed@darcambal.com
    *Counsel for Plaintiff, State Farm Life and Accident Assurance Company*